IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORERS WELFARE FUND OF DELAWARE LOCAL NO. 199, LABORERS OF DELAWARE LOCAL UNION NO. 199 PENSION PLAN, LOCAL 199 LABORERS INTERNATIONAL UNION OF NORTH AMERICA ANNUITY PLAN, LABORERS LOCAL 199 TRAINING AND APPRENTICESHIP FUND, LABORERS LOCAL 199 VACATION FUND (administered Through the Laborers Welfare Fund of Delaware Local 199) and LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST FUNDS, by their trustees Raymond M. Pocino, Demetrius, Deramus, William Carter, James Maravelias, John J. McMahon, Jr., Charles E. Showell, Jr., John Olson and Suzanne Varone 650 Naamans Road Claymont, DE 19703<br>and<br><br>LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 199 532 South Claymont Street Wilmington, DE  19801<br><br>Plaintiffs<br><br>v.<br><br>EDWARD J. WILKINSON CO., INC. 90 Blue Hen Drive Newark, DE  19713<br>Defendant | CIVIL ACTION<br><br>NO. 06-CV- |

# COMPLAINT

## JURISDICTION AND VENUE

1.  This action is instituted under, and by virtue of, Sections 502 and 515 of the

Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132

and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect liquidated damages owed for late fringe benefit contributions.

2. This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## PARTIES

3. The Plaintiffs, Laborers Welfare Fund of Delaware Local No. 199, Laborers of Delaware Local Union No. 199 Pension Plan, Local 199 Laborers International Union Of North America Annuity Plan, Laborers Local 199 Training and Apprenticeship Fund, Laborers Local 199 Vacation Fund and Laborers'-Employers' Cooperative Education Trust Funds ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of Section 302 of the LMRA, 29 U.S.C. § 186, and Sections 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). The Funds receive contributions from various construction contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Laborers International Union of North America Local 199 ("Local 199") and by virtue of their agreed to be bound by the Agreements and Declarations of Trusts that establish the Funds. The Funds' offices are located at 650 Naamans Road, Claymont, Delaware 19703.

4. Plaintiff, Raymond M. Pocino ("Pocino"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Pocino is Supervisor of Local 199. Pocino's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

5. Plaintiff, Demetrius Deramus ("Deramus"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Deramus is President of Local 199. Deramus' business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

6. Plaintiff William Carter ("Carter") is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary for the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Carter is Business Manager of Local 199. Carter's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

7. Plaintiff, James Maravelias ("Maravelias"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). Maravelias' business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

8. Plaintiff, John J. McMahon, Jr. ("McMahon"), is a trustee of the Funds, pursuant to the relevant Trust Agreements, and is a fiduciary of the Funds within the meaning of Sections 3(21) of ERISA, 29 U.S.C. § 1002(21). McMahon's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

9. Plaintiff, Charles E. Showell, Jr. ("Showell"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Showell's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

10. Plaintiff, John Olson ("Olson"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section 3(21) of

ERISA, 29 U.S.C. Section 1002(21). Olson's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

11. Plaintiff, Suzanne Varone ("Varone"), is a trustee of the Funds, pursuant to the Trust Agreement of the Funds, and is a fiduciary of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Varone's business address as a trustee of the Funds is 650 Naamans Road, Claymont, Delaware, 19703.

12. Plaintiff, Laborers International Union of North America, Local 199 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4). Its principal place of business is 532 South Claymont Street, Wilmington, Delaware 19801. Local 199 represents employees employed in the construction industry as laborers in the State of Delaware.

13. Defendant, Edward J. Wilkinson Co., Inc. ("Defendant"), is a Delaware corporation with a principal place of business at 90 Blue Hen Drive, Newark, Delaware 19713. At all times relevant hereto, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 152(2) of the NLRA, 29 U.S.C. § 152(2). The Defendant is also an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

14. At all times relevant hereto, the Defendant has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") with Local 199 which set forth, inter alia, the wages, hours and other terms and conditions of employment of laborers employed by the Defendant in the State of Delaware. Among the provisions contained in the Agreement are

clauses that require Defendant to make timely contributions to the Funds on a monthly basis when members of Local 199 are employed by the Defendant, and to submit timely monthly contribution report forms to the Funds' administrator.

15.    "Timely" contributions, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds means that all employee benefit contributions must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

16.    Under the terms of the Agreement and the rules of the Funds, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month in which the hours were worked by members of Local 199. Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, all reports received after the fifteenth of the month are subjected to a ten percent liquidated damages charge.

17.    The Defendant employed individuals who performed work covered by the Agreement during the month of April, 2006 but failed and refused to make contributions to the Funds in the amount of $14,818.92.

18.    The Defendant employed individuals who performed work covered by the Agreement during the month of May, 2006 but failed and refused to make contributions to the Funds in the amount of $9,778.66

19.    The Defendant employed individuals who performed work covered by the Agreement during the month of June, 2006 but failed and refused to make contributions to the Funds in the amount of $7,781.91

20. The Defendant employed individuals who performed work covered by the Agreement during the month of July, 2006 but failed and refused to make contributions to the Funds in the amount of $6,734.14.

## COUNT ONE

## BREACH OF COLLECTIVE BARGAINING AGREEMENT

## FOR FAILURE TO MAKE CONTRIBUTIONS

21. Paragraphs 1 through 20 of the Complaint are re-alleged as if fully set forth herein.

22. Under the terms of the Agreement, Defendant was required to contribute to the Funds in an amount sum certain for every hour worked by its employees working under the Agreement.

23. At all times relevant to this action, specifically, the months of April, May, June and July, 2006, the Defendant has employed individuals covered by this Agreement and was required, on behalf of these individuals, to make the timely employee benefit contributions to the Funds.

24. Notwithstanding its contractual obligation to do so and despite having received demands that it meet its contractual obligations, the Defendant has failed, neglected, and refused to make contributions to the Funds for the periods set forth in Paragraphs 17 through 20 of this Complaint.

25. The Defendant's failure to make contributions to the Funds for the periods set forth in Paragraphs 17 through 20 of this Complaint in the amount of $39,113.63 constitute a breach of the Agreement.

## COUNT TWO

## VIOLATION OF ERISA FOR FAILURE

## TO MAKE CONTRIBUTIONS TO THE FUNDS

26.     Paragraphs 1 through 25 of the Complaint are re-alleged as if fully set forth herein.

27.     Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

28.     Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2) provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the amount of the unpaid contributions, (d) additional liquidated damages plus (e) a reasonable attorney's fee and costs, plus (f) any other legal and equitable relief that the court deems appropriate.

29.     The Defendant's failure to make contributions in the amount of $39,116.63 due to the Funds for hours worked by individuals for the period set forth in Paragraphs 17 through 20 of this Complaint in accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, the Plaintiffs pray that the following relief be granted against the Defendant:

(a) that judgment be entered against the Defendant and in favor of the Plaintiffs in the total amount of $46,936.36 representing, as of the date of the filing of this Complaint, contributions owed in the amount of $39,113.63, liquidated damages in the amount of $3,911.36 and additional liquidated damages of $3,911.36 as provided for by Section 502(g)(2) of ERISA amount;

(b) that judgment be entered against the Defendant and in favor of the Plaintiffs for interest, costs, and reasonable attorneys' fees as provided for by the Agreement and ERISA;

(c) that judgment be entered against the Defendant and in favor of the Plaintiffs for any additional contributions found owing by the Defendants to the Funds during the pendency of this litigation;

(d) that an Order being entered against the Defendant requiring the Defendant to make all future contributions in a timely fashion in accordance with the terms of the Agreement and ERISA; and

(e)   grant such other legal and equitable relief as this Court deems appropriate or to which Plaintiffs are entitled.

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

BY: _/s/ Timothy J. Snyder_
Timothy J. Snyder (No. 2408)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6645
Telefax: (302) 576-3336
Email: tsnyder@ycst.com

Of Counsel:
Jonathan Walters, Esquire
121 S. Broad Street, Suite 1100
Philadelphia, PA 19107
Telephone: (215) 875-3121
Telefax: (215) 790-0668
Email: jwalters@markowitzandrichman.com

Attorneys for Plaintiffs

Dated: September 7, 2006

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LABORERS WELFARE FUND OF DELAWARE LOCAL NO. 199, LABORERS OF DELAWARE LOCAL UNION NO. 199 PENSION PLAN, LOCAL 199 LABORERS INTERNATIONAL UNION OF NORTH AMERICA ANNUITY PLAN, LABORERS LOCAL 199 TRAINING AND APPRENTICESHIP FUND, LABORERS LOCAL 199 VACATION FUND (administered through the Laborers Welfare Fund of Delaware Local 199) and LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST FUNDS, by their trustees Raymond M. Pocino, Demetrius Deramus, William Carter, James Maravelias, John J. McMahon, Jr., Charles E. Showell, Jr., John Olson and Suzanne Varone, and LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 199 AFL-CIO

## DEFENDANTS
EDWARD J. WILKINSON CO., INC.

(b) County Of Residence Of First Listed Plaintiff:
(Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys (Firm Name, Address, And Telephone Number)
Timothy J. Snyder (No. 2408)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19899-0391
(302) 571-6645

Attorneys (If Known)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An X In One Box For Plaintiff And One Box For Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place An X In One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL ROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 U.S.C. 881<br>☐ 630 Liquor Laws<br>☐ 640 R R & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 U.S.C. 158<br>☐ 423 Withdrawal 28 U.S.C. 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates, etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 U.S.C. 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl Ret Inc Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 U.S.C. 7609 | |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Action brought pursuant to 29 U.S.C. §§ 186, 1132 and 1145 for unpaid fringe benefit fund contributions.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ 46,936.56   Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE:                          DOCKET NUMBER:

DATE 9/7/06   SIGNATURE OF ATTORNEY OF RECORD /s/ Timothy Snyder

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-559

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___9/8/06___                          ___[signature]___
(Date forms issued)              (Signature of Party or their Representative)

___Nick Meadows___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action